UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTHONY G. HILL,<br><br>    Defendant. | CASE NO. CR11-031-RSL<br><br>DETENTION ORDER |

<u>Offense charged</u>:    Wire Fraud; Allegation of Forfeiture

<u>Date of Detention Hearing</u>:    March 3, 2011

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1)    Defendant was arrested in the Southern District of Iowa where he had been living, detained, and transferred to this District pursuant to an indictment for Wire Fraud.

(2)   Defendant's past criminal history includes similar theft charges from 1996 and 2001, involving the reactivation of payroll accounts for terminated employees and the deposit of those funds into his own personal account.  The 1996 charge from King County had a warrant pending for 12 years.  The 2001 charge from Omaha NE resulted in an extraditable warrant that remains active.

(3)   Defendant's mental health history is also relevant to the risks of flight and nonappearance.

(4)   Defendant poses a risk of nonappearance due to an active felony warrant for failing to appear and a pending felony warrant in another district which has ben outstanding for over 8 years.  He poses a risk of financial danger based on criminal history.

(5)   There does not appear to be any condition or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings while addressing the danger to other persons or the community.

It is therefore ORDERED:

    (1)   Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

    (2)   Defendant shall be afforded reasonable opportunity for private consultation with counsel;

    (3)   On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant

is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 3rd day of March, 2011.

*/s/ Mary Alice Theiler*
Mary Alice Theiler
United States Magistrate Judge